## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

TRIVIE, INC.,

    Plaintiff,

v.

KEEPLY, INC.,

    Defendants.

Case No. _____

## COMPLAINT

The Plaintiff, Trivie, Inc. ("Plaintiff" or "Trivie"), by its counsel, hereby complains of the Defendant, Keeply, Inc. ("Defendant" or "Keeply"), and for its complaint alleges as follows:

### STATEMENT OF THE CASE

1.  This is an action for trademark infringement wherein the central allegation is that the Defendant has made unauthorized commercial use of the Plaintiff's federally registered trademarks in connection with providing, *inter alia*, gaming and entertainment services through its game app TRIVY.

### JURISDICTION

2.  This action for trademark infringement and unfair competition arises under §15 U.S.C. §§ 1114, 1117 and 1125. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States.

3.  This Court further has jurisdiction pursuant to 28 U.S.C. § 1338(a), in that this civil action arises under an Act of Congress relating to trademarks, and, as to the Plaintiff's

1

federal unfair competition claim, pursuant to 28 U.S.C. § 1338(b), in that the claim is joined with a substantial and related claim under the trademark laws of the United States. This Court has supplemental jurisdiction over the Texas state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), because the Defendant is deemed to reside in this judicial district by virtue of being subject to personal jurisdiction here pursuant to 28 U.S.C. § 1391(c).

5. This Court has personal jurisdiction over the Defendant by virtue of its sales and offers for sale of its trivia game app, TRIVY, in this judicial district

## THE PLAINTIFF

6. Plaintiff Trivie, Inc is a Delaware corporation with its principal place of business located at 3311 Oak Lawn Avenue, Dallas, TX 75219.

## THE DEFENDANT

7. Upon information and belief, Defendant Keeply, Inc. is a Delaware corporation having its principal place of business at 11640 Gorham Ave #24, Los Angeles, CA 90049.

## BACKGROUND FACTS

8. Trivie was founded in 2011 and its initial product was a trivia game app, Trivie-Battle of Wits, that was hugely successful with millions of downloads. It became the number one trivia game in the Apple App Store.

9. Trivie partnered with entertainment brands like FOX, Dreamworks, CBS and Sony to create custom-branded experiences within Trivie-Battle of Wits.

10. Trivie recognized the value of its trivia game and the brand it had developed through the use of the TRIVIE mark and leveraged that good will the into customized trivia games for use in a corporate training environment.

## THE RIGHTS OF THE PLAINTIFF

11. Trivie is the owner of U.S. Trademark Registration No. 4235442 for the mark TRIVIE in standard character format for, *inter alia*, "quizzes and contests for others via the internet or wireless communications network," and "transmitting interactive trivia games."

12. Trivie is the owner of U.S. Trademark Registration No. 4364128 for the mark TRIVIE in design plus words format, for, *inter alia*, "computer mobile application software for playing games."

13. Trivie is the owner of U.S. Trademark Registration No. 4602077 for the mark TRIVIE in design plus words format, for, *inter alia*, "providing electronic games that are played via telephones."

14. Trivie has, for the entire time the three marks described above ("the Trivie Marks") have been federally registered, provided the public, including the Defendant, with notice of those federal registrations through the consistent display of the symbol ® with its marks as used.

15. The Trivie Marks are indicators of Trivie, Inc. as the origin of the enumerated goods and services.

## THE ACTIVITIES OF THE DEFENDANT

16. Upon information and belief, Keeply released the Trivy app in late 2015. Trivy is an app for smartphones that allows users to play trivia games. The app also allows users to purchase "packs" in order to provide trivia questions from different sources covering different subject matter.

17. Without authorization or permission, Keeply has used the mark TRIVY for its game app which is likely to cause confusion with the registered TRIVIE mark, especially since the goods and services are identical.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

18. Paragraphs 1-17 are incorporated herein by reference.

19. The Defendant has used and is using a mark confusingly similar to the Trivie Marks in connection with the production and distribution of goods and with the provision of services including mobile electronic trivia games.

20. The Defendant's use of the confusingly similar marks to the Trivie Marks was and is "in commerce" within the meaning of the Trademark Act of 1946 as amended.

21. Trivie did not license or otherwise authorize the Defendants to use the Trivie Marks.

22. The Defendant's use of the TRIVIE Marks is likely to cause confusion, or to cause mistake, or to deceive its customers and patrons into believing that the goods and services to which access is provided are *bona fide*, and that the services being provided are provided with the authorization of Trivie.

23. The Defendants' activities constitute the infringement of the federally registered Trivie Marks in violation of 15 U.S.C. § 1114(1).

24. Trivie has been damaged by the Defendant's infringing activities.

25. Unless enjoined by the Court, the Defendant's infringing activities as described above will continue unabated and will continue to cause harm to Trivie.

**SECOND CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

26. Paragraphs 1-25 are incorporated herein by reference.

27. The Defendant's use of a confusingly similar mark to the Trivie Marks, as set forth above and incorporated here by reference, is likely to cause confusion, or to cause

4

mistake, or to deceive those present during the display, in that those present are likely to be deceived into believing, falsely, that Trivie is the source of the infringing game app, or otherwise sponsored or approved the Defendant's services and commercial activities.

28. Because Trivie has been denied this revenue and control, it has been damaged by Defendant's uses of the infringing mark.

29. The Defendant's activities constitute unfair competition in violation of 15 U.S.C. § 1125(a).

30. Unless enjoined by the Court, the Defendant's unfair competition activities as described above will continue unabated and will continue to cause harm to Trivie.

**THIRD CLAIM FOR RELIEF**
**COMMON LAW TRAEMARK INRINGMENT AND UNFAIR COMPETITION**

31. Paragraphs 1-30 are incorporated herein by reference.

32. The unauthorized use of the Trivie Marks by Defendant constitutes common law trademark infringement and unfair competition, in violation of the common and statutory law of Texas.

33. Defendant's conduct has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiff, to its marks, and to its business reputation and goodwill, for which monetary relief will not be fully compensable. Plaintiff has no adequate remedy at law and is entitled to injunctive relief against Defendant from engaging in further unlawful conduct.

34. Plaintiff further is entitled to recover from Defendant all gains, profits, and advantages obtained as a result of the unlawful conduct alleged herein, in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**INJURY TO BUSINESS REPUTATION AND TRADEMARK**
**UNDER TEX. BUS. & COMM. CODE § 16.103**

35. Paragraphs 1-34 are incorporated herein by reference.

36. The unauthorized use of the Trivie Marks by Defendant in Texas, as set out above, has injured, and, unless enjoined, is likely to continue to injure, Trivie's business reputation and good will, and has diluted, and, unless enjoined, will continue to dilute, the distinctive quality of the Trivie Marks.

37. Pursuant to TEX. BUS. & COM. CODE ANN. § 16.103, Trivie is therefore entitled to have Defendant's aforementioned unauthorized uses of the Trivie Marks enjoined to prevent further injury to Trivie's business reputation and goodwill, and to prevent further dilution of the Trivie Marks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Trivie prays for judgment against the Defendants and that the Court:

A. Find that the Defendant has committed acts of infringement of the federally registered Trivie Marks, in violation of 15 U.S.C. § 1114(1);

B. Find that the Defendant has engaged in unfair competition detrimental to Trivie in violation of 15 U.S.C. § 1125(a);

C. Find that Defendant has committed common law trademark infringement and violated Tex. Comm. & Bus. Code §16.103.

D. Enter judgment against the Defendant and in favor of Trivie on all applicable counts;

E. Find that the Defendant's activities were in all respects conducted willfully and for profit;

F. Award to Trivie the Defendant's profits and the damages sustained by Trivie because of Defendant's conduct in infringing the Trivie Marks.

G. Award to Trivie the Defendant's profits and the damages sustained by Trivie because of that Defendant's acts of unfair competition and trademark infringement;

H. Award to Trivie enhanced damages, as available, for the Defendant's acts of willful infringement;

I. Grant Trivie preliminary and permanent injunctive relief against further infringement of the Trivie Marks by the Defendant;

J. Grant Trivie preliminary and permanent injunctive relief against further false designations of origin by the Defendant;

K. Award Trivie its costs of suit and attorney's fees, to the extent not awarded above; and

L. Grant Trivie such other and further relief as justice may require.

Respectfully submitted this the 5th day of July, 2016.

  /s/Thomas C. Wright
**Thomas C. Wright**
Texas Bar No. 24028146
**Matthew P. Harper**
Texas Bar No. 24037777
**Alex J. Whitman**
Texas Bar No. 24081210
**CUNNINGHAM SWAIM LLP**
7557 Rambler Road, Suite 440
Dallas, Texas  75231
Tel: 214-646-1495
Fax: 214-613-1163
twright@cunninghamswaim.com
mharper@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR TRIVIE, INC.**